U.S. District Court-EDNY
U.S. Courthouse
Filed Date: 12/15/2025
BKLYN COURT

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

Case No. 1:14-cr-00248

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL G. GRIMM,

Defendant.

**MOTION TO VACATE JUDGMENT AND DISMISS THE INDICTMENT BASED ON PRESIDENTIAL PARDON**

Defendant Michael G. Grimm, Pro Se, respectfully moves this Court for an order vacating the judgment of conviction and dismissing the indictment in the above-captioned matter pursuant to the Presidential pardon issued on May 28, 2025 by the President of the United States, Donald J. Trump. In support of this motion, Defendant states as follows:

**INTRODUCTION**

A Presidential pardon has been issued fully and unconditionally pardoning Michael G. Grimm for the offense(s) forming the basis of the judgment in this case. A valid Presidential pardon removes all legal consequences of the conviction and requires the courts of the United States to give it full legal effect. Accordingly, the judgment of conviction should be vacated, the indictment dismissed, and all penalties, restrictions, and collateral consequences declared null and void.

## BACKGROUND

1. On April 28, 2014, the government charged Defendant by indictment with Count One: Obstructing and Impeding the Due Administration of the Internal Revenue Laws in violation of Title 26, United States Code, Section 7212(a); Title 18, United States Code, Sections 2 and 3551 <u>et seq.</u>

   Count Two: Conspiracy to Defraud the United States, in violation of Title 18, United States Code, Sections 371 and 3551 <u>et seq.</u>

   Counts Three through Five: Aiding and Assisting in the Preparation of False and Fraudulent Tax Returns, in violation of Title 26, United States Code, Section 7206(2); Title 18, United States Code, Sections 2 and 3551 <u>et seq.</u>

   Count Six: Health Care Fraud, in violation of Title 18, United States Code, Sections 1347, 2, and 3551 <u>et seq.</u>

   Counts Seven through Eleven: Wire Fraud, in violation of Title 18, United States Code, Sections 1343, 2, and 3551 <u>et seq.</u>

   Counts Twelve through Fourteen: Mail Fraud -- Eastern District of New York, in violation of Title 18, United States Code, Sections 1341, 2, and 3551 <u>et seq.</u>

   Counts Fifteen and Sixteen: Southern District of New York, Mail Fraud, in violation of Title 18, United States Code, Sections 1341, 2, and 3551 <u>et seq.</u>

   Count Seventeen: Perjury, in violation of Title 18, United States Code, Sections 1623, 2, and 3551 <u>et seq.</u>

   Count Eighteen: Perjury, in violation of Title 18, United States Code, Sections 1623, 2, and 3551 <u>et seq.</u>

   Count Nineteen: Obstruction of Official Proceeding, in violation of Title 18, United States Code, Sections 1512(c)(2), 2, and 3551 <u>et seq.</u>

   Count Twenty: Unlawful Employment of Aliens, in violation of Title 8, United States Code, Sections 1324a(a)(1)(A), 1324(a)(2), and 1324a(f)(1); Title 18, United States Code, Sections 2 and 3551 <u>et seq.</u>

2. On December 23, 2014, Defendant pleaded guilty to Count 3: Aiding and Assisting in the Preparation of a False or Fraudulent Tax Return in violation of 26 USC 7206.

3. On July 17, 2015, this Court entered judgment. It imposed a sentence of eight months in prison, one year of supervised probation, and directed that the defendant not possess a firearm, ammunition, destructive device, or other dangerous weapon. Complete 200 hours of community service and pay restitution in the amount of $148,907.11 in addition to court fees of $290.10.

4. On May 28, 2025, the President of the United States granted Defendant a full and unconditional pardon for the offense(s) underlying this conviction. A copy of the signed pardon is attached as Exhibit A.

**LEGAL STANDARD**

Article II, Section 2, Clause 1 of the United States Constitution grants the President the power to "grant Reprieves and Pardons for Offenses against the United States." A Presidential pardon obliterates the offense, precludes further punishment, and removes all legal consequences of the conviction. Ex parte Garland, 71 U.S. (4 Wall.) 333 (1866); Burdick v. United States, 236 U.S. 79 (1915).

Federal courts are required to give full effect to a Presidential pardon and eliminate the judgment's legal consequences, including by vacating the conviction and dismissing the indictment where appropriate.

**ARGUMENT**

**I. The Presidential Pardon Requires Vacatur of the Judgment**

The pardon issued to Defendant is unconditional and explicitly covers the offense(s) for which Defendant was convicted in this case. Under established Supreme Court precedent, the pardon renders the conviction legally inoperative and requires this Court to vacate the judgment.

**II. The Pardon Extinguishes All Penalties, Disabilities, and Collateral Consequences**

Because a Presidential pardon removes all punitive consequences arising from the conviction, the Court should formally vacate the judgment to ensure that no continuing legal disabilities remain, including any supervision conditions, fines, special assessments, or collateral restrictions.

### III. The Indictment Should Be Dismissed

Upon issuance of a Presidential pardon, there remains no justiciable case or controversy, and the indictment should be dismissed with prejudice. Federal courts routinely dismiss indictments in cases where pardons have been granted prior to or after conviction.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Vacate the judgment of conviction entered on December 23, 2014.

2. Dismiss the indictment with prejudice.

3. Terminate all remaining penalties, conditions, or collateral consequences of the conviction.

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Michael G. Grimm Pro Se

Telephone Number (917) 885-6022

Email: Mg@grimmglobal.com

Dated: December 15, 2025

# EXHIBIT A

# Executive Grant of Clemency

# Donald J. Trump

## *President of the United States of America*

To all to Whom These Presents Shall Come, Greeting:

Be it known, that This Day, I, Donald J. Trump, President of the United States, Pursuant to My Powers Under Article II, Section 2, Clause 1, of the Constitution, Have Granted Unto the Individual Named Below

A Full and Unconditional Pardon

For those offenses against the United States individually enumerated and set before me for my consideration:

United States v. Grimm, 1:14-cr-248

MICHAEL GRIMM

I Hereby Designate, direct, and empower the Attorney General, as my representative, to immediately sign the grant of clemency to the person named herein. The Attorney General shall declare that her action is the act of the President, being performed at my direction.

IN TESTIMONY WHEREOF, I have hereunto signed my name and

caused the seal of the Department of Justice to be affixed.

*Done at the City of Washington in the District of Columbia this 28th day of May in the year of our Lord Two Thousand Twenty-five and of the Independence of the United States the Two Hundred and Forty-ninth.*

DONALD J. TRUMP
PRESIDENT